# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VINCENT E. BOYD,

        Plaintiff,

  v.                                             Case No. 12-C-177

SGT. APRIL NETZEL and
LT. JEFFREY JENSEN,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

      Plaintiff Vincent E. Boyd, a former prisoner in the Winnebago County Jail, filed an action pursuant to 42 U.S.C. § 1983 alleging that defendants hindered his access to the courts and engaged in retaliatory conduct. Before me now are two related motions. Defendants filed a motion for summary judgment (ECF No. 27) and Boyd filed a summary judgment motion (ECF No. 36) on the same issues. Because the motions are substantially the same, I will address both in this opinion. For the following reasons, Defendants' motion will be granted and Boyd's motion will be denied.

## BACKGROUND

      The facts are fairly straightforward and are not in substantial dispute. On February 13, 2012, Boyd submitted an inmate request form, requesting the mailing of "a 477 page lawsuit" to the District Court in Milwaukee. (Boyd Aff. Ex. A, ECF No. 40-1.) Boyd was attempting to file an amended complaint in a separate action he had filed against Captain Mark Habeck of the

Winnebago County Sheriff's Department and three jail healthcare providers for deliberate indifference to serious medical needs. That matter, Case No. 2:11-cv-00609-JPS, was then pending before Judge Stadtmueller in the Milwaukee division of the district. Sergeant Netzel responded to Boyd's request for envelopes and copies stating that the jail would not provide the materials because the request was in regard to a civil case and Boyd would need money in his account to pay for the items. (Boyd Aff. A, ECF NO. 40-1.) It was Netzel's belief that Boyd's legal case was for a civil personal injury matter. Boyd submitted several additional requests for grievances due to Netzel's denial of his request for mailing materials. Sergeant Jensen denied Boyd's grievance on February 13, 2012. Boyd was able to file his amended complaint on February 28, 2012. He alleges that he was able to obtain the necessary envelopes and postage by deceiving the Winnebago County Jail's staff that his filing was for a criminal case. (Boyd Aff. ¶ 9, ECF No. 40.)

## LEGAL STANDARD

A motion for summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Material" means that the factual dispute must be outcome-determinative under law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue must have specific and sufficient evidence that, were a jury to believe it, would support a verdict in the non-moving party's favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In determining whether to grant a motion for summary judgment, the court should consider the evidence presented in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. When the record, taken as a whole, could

2

not lead a rational jury to find for the non-moving party, there is no genuine issue and therefore no reason to go to trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**ANALYSIS**

**A. Claim for Denial of Access to Courts**

Prisoners must be afforded "meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "[P]art of meaningful access is furnishing basic scribe materials for the preparation of legal papers," which includes "paper, some means of writing, staplers, access to notary services where required by procedural rules, and mailing materials." *Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995). A two-part test is used in determining whether prison staff violated this right of access to the courts. *Id.* First, a prisoner must show that prison officials failed to provide adequate scribe materials. *Id.* Second, a prisoner must show "some quantum of detriment caused by that challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). The phrasing "quantum of detriment" means that "a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment." *Gentry*, 65 F.3d at 559 (citing *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993)). Furthermore, "[r]egardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation." *Id.*

Even if all the facts as alleged by Boyd are true, his claim for a denial of his right of access to the courts is without merit. Even the first part of the two-part test is not met because there is no right to have a 477 page pleading mailed to a court at public expense. Prisoners are entitled to

3

meaningful access to the courts. Implicit in this formulation is that the request be reasonable. *See id.* at 558 ("[P]risoners are not entitled to limitless supplies of [scribe] materials, merely to that amount minimally necessary to give them meaningful access to the courts."); *see also Ripp v. Nickel*, 838 F. Supp. 2d 861, 864 (W.D. Wis. 2012) (stating that "a prisoner does not have a right to 'an immediate and unlimited supply of'" scribe materials at state expense (quoting *Lebron v. Armstrong*, 289 F. Supp. 2d 56, 61 (D. Conn. 2003))). A 477 page amended complaint by a pro se prisoner is not reasonable, nor is the mailing of such a voluminous pleading necessary to gain meaningful access to the courts. The Federal Rules of Civil Procedure require a complaint to include a "short and plain statement of the claim." Fed. R. Civ. P. 8(a). Boyd apparently wanted the jail to file a book, not a pleading. The County had no obligation to incur the expense needed for him to do so. Reasonable page limitations may be imposed without denying a prisoner access to the courts.

Boyd's claim also fails on the second part of the two-part test. Boyd has not even alleged, much less offered, evidence to substantiate any "substantial prejudice" to his pending case before Judge Stadtmueller. Boyd made his request for scribe materials on February 13, 2012, and was able to file his amended complaint by February 28, 2012. His case before Judge Stadtmueller is still pending. Because Boyd cannot show any substantial prejudice resulting from the initial denial of scribe materials, summary judgment must be granted in favor of Defendants.

**B. Retaliation Claim**

Boyd also alleged in his complaint a retaliation claim. In order to prevail on his retaliation claim at the summary judgment stage, Boyd must "produce evidence that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech; and

4

(3) his protected speech was a motivating factor in the defendants' actions." *Antoine v. Ramos*, Case No. 11-1807, 2012 WL 6031483, *2 (7th Cir. Dec. 5, 2012) (citing *Kidwell v. Eisenhaur*, 679 F.3d 957, 965 (7th Cir. 2012)). A chronology of events is enough to raise an inference of retaliation. *See Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009).

In his brief supporting his motion for summary judgment, Boyd contends that his filing of a lawsuit is protected speech, that Defendants' denial of scribe materials deterred his protected speech, and that his filing of the lawsuit pending before Judge Stadtmueller was a motivating factor in the Defendants' actions. For the reasons already noted, Boyd was not entitled to have a 477 page document mailed to the court at public expense. It follows that the jail's denial of Boyd's mailing request did not constitute a deprivation that was likely to deter protected speech. Boyd's retaliation claim therefore fails as well.

## CONCLUSION

For the forgoing reasons, Defendants' motion for summary judgment (ECF No. 27) on Boyd's claims for denial of access to the courts and retaliation will be **granted**. Boyd's motion for summary judgment (ECF No. 36) will be **denied**.

**SO ORDERED** this  4th  day of January, 2013.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court

5